UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

R DANIEL BOHL,

               Plaintiff (s),

     v.

THE CHARLES SCHWAB
CORPORATION,
            Defendant(s).

No. **C 08-02984 SI**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Susan Illston.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order   and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

      IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 6/17/2008 | Case filed in the N. District of California | |
| 9/12/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 9/26/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order | FRCivP 26(a) (1)<br>Civil _L.R . 16-9 |

re Contents of Joint Case Management Statement (also available at  http://www.cand.uscourts.gov)

| | | |
|---|---|---|
| 10/3/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC)  in Ctrm. 10, 19th Floor at 2:00 PM | Civil  L.R.  16-10 |

1
2
3
4

# IN THE UNITED STATES DISTRICT COURT

5

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9

**Plaintiff(s),**

**vs.**

10

**Defendant(s).**

11
12

NO.  C-                              SI

**CASE MANAGEMENT
CONFERENCE ORDER**

13
14

     **IT IS HEREBY ORDERED** that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Susan Illston on _____

15

at 2:00 p.m. in Courtroom No. 10, 19th floor Federal Building.

16
17

     **Plaintiff(s) shall serve copies of this Order at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.   Following service, plaintiff(s) shall file certificate of service with the Clerk of this Court.**

18
19
20
21

     **Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below.  Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure. Failure to show good cause for such failure may subject the parties to sanctions.**

22
23

     **Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.  The parties are encouraged to attend.**

24
25

     **Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten days before the conference date. Good cause must be shown.**

26
27
28

United States District Court
For the Northern District of California

1        The parties shall file a joint case management conference statement in
2  accordance with the Standing Order for all Judges in the Northern District of
   California. At the case management conference the parties should be prepared
   to address and resolve the following: setting the date and the estimated length of
3  the trial; setting the date for discovery cutoff; setting the date to designate
   experts and other witnesses; and setting the date for the pretrial conference.

4

5            CIVIL LAW AND MOTION MATTERS WILL BE HEARD ON
   FRIDAYS AT 9:00 A.M.  COUNSEL SHALL COMPLY WITH CIVIL L.R. 7
6  WITH RESPECT TO MOTION PROCEDURES.

7  Discovery disputes: Counsel seeking the Court's intervention in a discovery
   dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter
8  brief, 5 pages or less, explaining the dispute and the relief sought.  Opposing
   counsel shall respond by letter brief, 5 pages or less, within one week.  The Court
9  will deem the matter submitted unless the Court determines that the issue
   requires oral argument, in which case a conference will be arranged.  For good
10 cause shown, based on legal or factual complexity, discovery disputes may be
   brought by formal noticed motion heard on a regular law and motion calendar.
11 However, leave of Court to do so must be sought and obtained by ex-parte
   application in accordance with Civil L.R. 7-1(a)(3).

12
       Failure to comply with this Order or the Local Rules of this Court may
13 result in sanctions.  See Fed.R.Civ.P. 16(f), Civil L.R. 1-4.

14 Standing Orders: All parties shall comply with the Standing Order for All
   Judges of the Northern District of California concerning the contents of the joint
15 case management conference statement and JudgeIllston's Standing Order
   which are attached to this case management conference order.
16

17     IT IS SO ORDERED.

18

19

20

21                   SUSAN ILLSTON
                  United States District Judge
22

23

24

25

26

27

28

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

United States District Court
For the Northern District of California

12. Settlement and ADR: Prospects for settlement. ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts). and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions. pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected l length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships. corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. 20.Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

4

(4/5/07)

## JUDGE ILLSTON'S STANDING ORDER

1. Scheduling Days:

Civil Law and Motion Calendar is conducted on Fridays at 9:00 a.m.

Criminal Law and Motion Calendar is conducted on Fridays at 11:00 a.m.

Civil Case Management Conferences are generally conducted on Fridays at 2:00 p.m. with the order of call determined by the Court.

Pretrial Conferences are generally conducted on Tuesday afternoons at 3:30 p.m.

Counsel need not reserve motion hearing dates, but may call the clerk to obtain the next available law and motion calendar. Motions may be reset as the Court's calendar requires.

All parties are directed to comply with the Civil Local Rules except as identified in this order.

2. Discovery Disputes:

Counsel seeking the court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and relief sought. Opposing counsel shall respond by letter brief, 5 pages or less, within one week. The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged.

3. Sealed Documents (Civil L.R. 79-5):

This Court does not require the filing of Administrative Motions to seal (Civil L.R. 7-11). The Court will accept stipulations (Civ. L.R. 7-12) or an ex-parte application (Civ. L.R. 7-10) with proposed orders in lieu of the administrative motion. In the event an agreement and stipulation for leave to file under seal is not possible, an ex-parte application shall be filed instead. Oppositions to ex-parte applications and proposed order must be submitted to the Court immediately.

Counsel must submit the documents intended to be filed under seal in the following manner:

1. The entire original document, contained in an 8 1/2 - inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the text;

2. A second copy (chambers copy) completely assembled, including both sealed and unsealed material must be submitted in a single envelope.

5

Chambers must not be served with any "redacted/public" versions of sealed documents.

4. Courtesy Copies:

All courtesy copies must be three-hole punched at the left margin.

5. Summary Judgment Motions:

Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court.

6